UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD N. SMITH, *et al.*, | ) | CASE NO. 5:21-cv-1352 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER OF REMAND |
| DAVENPORT FINANCIAL, LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of plaintiffs, Reginald Smith and Christa Smith, to remand this action to state court. (Doc. No. 6.) Defendants, Davenport Financial, LLC, Woods Cove III, LLC, and Lien Servicing, have responded in opposition. (Doc. No. 7.) For the reasons that follow, the motion to remand is granted.

## I. Background

On June 11, 2021, plaintiffs filed this consumer credit action in state court raising state law claims for breach of contract, fraud, violations of the Ohio Corrupt Practices Act ("OCPA") (Ohio Rev. Code § 2923.31), piercing the corporate veil, violations of the Ohio Consumer Sales Practices Act ("OSCPA") (Ohio Rev. Code § 1345 *et seq*.), and fraudulent transfer. (Doc. No. 1-2 (Complaint).) The sixth cause of action alleged a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (*Id.* ¶¶ 64–69.)

On July 14, 2021, defendants removed the action to federal court based on federal question jurisdiction. (Doc. No. 1 (Notice of Removal) ¶ 8.) Plaintiffs do not dispute the

propriety of removal, as this Court undoubtedly had original jurisdiction over the FDCPA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367. Instead, immediately after removal (still on July 14, 2021), plaintiffs timely filed an amended complaint, as permitted—"once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1)(A). The only substantive change plaintiffs made to their pleading by virtue of the amendment was to eliminate the only federal cause of action—the FDCPA claim.[1] (Doc. No. 5 (First Amended Complaint ["FAC"]).) The very next day (July 15, 2021), plaintiffs filed the present motion to remand the case to the state court, arguing that there was no longer a basis for federal question jurisdiction and, accordingly, "no corresponding application of supplemental jurisdiction over the remaining state claims under 28 U.S.C. § 1367." (Doc. No. 6 at 2[2].)

In their opposition to remand, defendants argue that plaintiffs, with the advice of counsel, elected to file a complaint that contained a federal claim. Defendants maintain that plaintiffs cannot now "attempt to turn back time" and retract their federal claim simply to return to state court. (Doc. No. 7 at 1.) Defendants complain that they have "incurred significant expense properly removing this action to federal court[.]" (*Id*. at 2.) Because the action was timely and properly removed on the basis of federal question jurisdiction, defendants insist that plaintiffs should not be allowed to "bait and switch" by removing their federal claim. (*Id*. at 3.)

---

[1] Although plaintiffs were under no obligation to seek leave of Court to amend their complaint to eliminate their federal claim, had they so moved under Fed. R. Civ. P. 15(a)(2), the Court would have granted them leave to amend, which is to be "freely" given when "justice so requires." *Id*.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system, a citation practice recently adopted by the Court despite different directions in the Initial Standing Order in this case

2

## II. LAW AND DISCUSSION

To the extent plaintiffs have suggested that the filing of the FAC has divested this Court of subject matter jurisdiction, they are mistaken. As defendants correctly note, subject matter jurisdiction is determined by examining the complaint *at the time of removal*. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Plaintiff's original complaint contained a claim under a federal statute, the FDCPA (15 U.S.C. § 1692), so removal was proper. If all federal claims are subsequently dismissed, the Court's continued exercise of supplemental jurisdiction over the remaining state claims is discretionary. 28 U.S.C. § 1367(c)(3); *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Harper*, 392 F.3d at 210–11 ("When a subsequent narrowing of the issues excludes all federal claims, whether a pendant [sic] state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction.") (quotation marks and citation omitted).

In determining whether to retain jurisdiction over remaining state law claims, the Court considers several factors, including: the "values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed.2 d 720 (1988)). The Court also considers the use of "manipulative tactics" on the plaintiffs' part in balancing the relevant factors. *See, e.g., Harper*, 392 F.3d at 211; *Carnegie-Mellon*, 484 U.S. at 357. Generally, however, because "[c]omity to state courts is considered a substantial interest[,] . . . [the Sixth Circuit] applies a strong presumption against the exercise of supplemental jurisdiction once

federal claims have been dismissed[.]" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (citations omitted).

### A. The FAC Contains No Federal Claims

Before the Court can apply the factors identified in *Carnegie-Mellon*, it must address defendants' argument that the FAC still contains a federal cause of action under the FDCPA. Even though the FAC no longer sets forth a separate claim under the FDCPA, or even references the federal statute, defendants posit that the flavor of the FDPCA continues to run throughout the pleading. (Doc. No. 7 at 3–4.) Without highlighting any particular allegation, they argue generally that the FAC "continues to pursue allegations which, in essence, are FDCPA claims." (*Id.* at 3.)

Courts apply the well-pleaded complaint rule when determining whether a pleading raises a federal claim. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). This is because the plaintiff is the master of the claim and may typically avoid removal to federal court, or (as in this case) seek a remand, by exclusively relying on state-law claims. *See, e.g., Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Here, the FAC seeks relief only under state law. "[T]he fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action" *Id*. State clams "do not lose their character because it is common knowledge that there exists a scheme of federal regulation[.]" *United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir. 1986) (quotation marks and citation omitted); *see Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994) (noting that the fact that a claim could be stated under federal law does not prevent a plaintiff from stating it under state law only).

There are two exceptions to the well-pleaded complaint rule: the complete preemption doctrine and the artful pleading doctrine. *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 358 (6th Cir. 2015). The complete preemption doctrine applies "when a federal statute wholly displaces the state-law cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). The artful-pleading doctrine is used when plaintiffs attempt to avoid removal jurisdiction by "'artfully casting their essentially federal law claims as state-law claims.'" *Mikulski*, 501 F.3d at 560 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2, 101 S. Ct. 2424, 69 L.Ed.2d 103 (1981)).

Artful pleading and preemption are closely related doctrines because most courts will find artful pleading only where areas of state law have been completely preempted by federal substantive law. *See Mikulski*, 501 F.3d at 561 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 397, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). In other words, artful pleading is found only when a "well-pleaded" complaint would have raised a federal question because the state law cause of action for the injury had been preempted by federal law. The Sixth Circuit has "recognized that complete preemption is a limited rule." *Mikulski*, 501 F.3d at 564. Here, defendants have not suggested that plaintiffs' state law claims are completely preempted by the FDCPA, nor could they.[3]

---

[3] Indeed, "no court has ever held that the FDCPA completely preempts applicable state law or even that it preempts the field." *Desmond v. Phillips & Cohen Assocs., Ltd.*, 724 F. Supp. 2d 562, 567 (W.D. Pa. 2010) (quotation marks and citation omitted). The very language of the statute, "coupled with the FDCPA's express purpose to 'promote consistent State action,' 15 U.S.C. § 1692(e), establishes that Congress did not intend the FDCPA to preempt consistent state consumer protection laws." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1067 (9th Cir. 2011) (footnote omitted; quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S. Ct. 2240, 135 L. Ed. 2d 700 (1996)). Rather, "the FDPCA preempts only laws that afford consumers less protection than that provided by the FDCPA." *Desmond*, 724 F. Supp. 2d at 567 (collecting cases); *see Gonzales*, 660 F.3d at 1067. Here, as evidenced by the prayers for relief, the state law claims asserted in the FAC provide greater protection than the FDCPA provides, in the form of punitive damages and other tort relief. *See, e.g., Desmond*, 724 F. Supp. 2d at 568. Accordingly, they are not preempted by the FDCPA.

"Where federal and state claims are not identical, the artful pleading doctrine has been held not to apply." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 340 (6th Cir. 1989). The elements of the state law causes of action plaintiffs assert (breach of contract, fraud, OCPA violations, piercing the corporate veil, OCSPA violations, and fraudulent transfer) are not identical to the elements of a claim under the FDCPA. Thus, plaintiffs do not plead a federal cause of action on its face, and they have not "artfully pleaded" to avoid raising a federal claim.

### B. The Relevant Factors Favor Remand

Having determined that the FAC is bereft of federal claims, the Court turns to the question of whether it should exercise supplemental jurisdiction over the remaining state law claims. In balancing the relevant factors, the Court is guided by two Sixth Circuit decisions. In *Harper*, the Sixth Circuit upheld a district court's decision to retain supplemental jurisdiction over state law claims based on four factors: (1) the plaintiff engaged in forum manipulation by voluntarily dismissing his federal claims after the case had been in federal court for eleven months; (2) the parties had completed discovery; (3) the defendants' summary judgment motions were ripe for decision; and (4) the district court had already invested significant time in the litigation and was familiar with the facts. *Harper*, 392 F.3d at 211–12. Conversely, in *Gamel*, although the district court found that the plaintiffs clearly engaged in forum manipulation, the Sixth Court found no abuse of discretion when the district court relied on the following factors to remand the state law claims to state court: (1) the plaintiffs retracted their federal claims four days after the defendant removed; (2) the court had not yet overseen discovery; (3) there was no potentially dispositive summary judgment motion filed; and (4) judicial economy would not have

6

been served by exercising supplemental jurisdiction over the state law claims. *Gamel*, 625 F.3d at 952–53.

Without question, this case more closely resembles *Gamel* than *Harper* and, if anything, presents an even more compelling case for remand than that approved in *Gamel*. Plaintiffs acted with dispatch in amending their case to eliminate the federal claim within hours of the removal and sought remand the next day. No discovery has been conducted, no dispositive motions have been filed, and the Court has made no substantive rulings (or any rulings prior to today). The remaining claims are based solely on Ohio law and exclusively involve state law issues. Additionally, the motion to remand was filed at an early stage of the litigation before any case management dates had been set, so remanding the case to state court would not result in the parties needlessly rehashing issues.

Accordingly, judicial economy, convenience, fairness, and comity all favor remand.[4] Though the timing of the sequence of events suggests that plaintiffs amended their complaint "hoping to obtain a remand to their originally chosen forum, standing alone this does not weigh in favor of exercising supplemental jurisdiction here." *Soulliere v. Berger*, No. 13-cv-12028, 2013 WL 12182018, at *4 (E.D. Mich. Oct. 17, 2013); *see, e.g., Butts v. Sanoh Am., Inc.*, No. 3:21-cv-684, 2021 WL 5769301, at *2 (N.D. Ohio Aug. 31, 2021) ("To the extent that plaintiffs have fiddled with the system to get back to where they started, [the court] conclude[s] that their having done so does not overcome other, more substantive and substantial reasons for remanding

---

[4] The Court questions defendants' representation that they "incurred significant expense" removing this action to federal court. (*See* Doc. No. 7 at 2.) While defendants were within their rights to remove on the basis of federal question jurisdiction—and plaintiffs should have anticipated such a removal based on the inclusion of a federal claim in their complaint—the Court simply cannot understand how defendants could have devoted substantial resources to the filing of their short notice of removal. (*See* Doc. No. 1.)

the case."); *Great W. Cas. Co. v. Phillips*, No. 3:15-cv-50, 2015 WL 3960882, at *1 (E.D. Tenn. June 29, 2015) (because the other relevant factors clearly favor remand, "concerns about the plaintiff's possible use of 'manipulative tactics' does not outweigh the Court's interest in abstaining from 'needlessly deciding state law issues[]'") (quoting *Harper*, 392 F.3d at 211).

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion (Doc. No. 6) is granted, and the Clerk is directed to remand this action to the Summit County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: January 20, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**